PETER J. POELS ET AL., APPELLANTS, V. CHARLES B. WILSON, APPELLEE.

FILED JUNE 20, 1906. No. 14,385.

Verdict: REVIEW. When the amount of damages awarded by a jury cannot be ascertained from the facts proved, the verdict should be set aside.

APPEAL from the district court for Seward county: ARTHUR J. EVANS, JUDGE. *Reversed.*

*McGilton, Gaines & Storey* and *M. D. Carey*, for appellants.

*C. H. Aldrich* and *Norval Bros.*, contra.

EPPERSON, C.

In June, 1903, the defendant shipped to London 223 head of fat cattle. Through arrangements with plaintiff's agent in New York, the cattle were consigned to the plaintiff, a commission firm engaged in London in selling cattle and other animals for slaughter. At New York the plaintiff advanced $82.62 a head, making a total of $18,424.26. At London one of the cattle was crippled in unloading. It was slaughtered and marketed as dressed beef by the plaintiff. The other cattle were sold by plaintiff in the Deptford market. The total proceeds, after deducting plaintiff's commission and expenses, amounted to $386.22 less than the sum advanced to defendant by the New York agent. After the sale of the cattle the defendant, who accompanied them to London, requiring a sum of money to pay the expenses of his return trip, received $252.72 from the plaintiff. The plaintiff instituted this action to recover the said sums of $386.22 and $252.72. The plaintiff alleged that the $252.72 advanced to the defendant was a loan. Defendant contends that prior to the sale he instructed the plaintiff to sell the cattle by dressed weight; that plaintiff disregarded these instructions and sold the cattle as live weight; that by reason thereof the defendant was damaged in the sum of $3,825, which he sets up as a counter-claim, and for which he asks judgment against the plaintiff. A trial was had in the district court for Seward county, which resulted in a verdict and judgment for defendant in the sum of $692.58. The plaintiff prosecutes error to this court, and contends that the verdict is not supported by the evidence.

Plaintiff argues that the verdict is not supported by the evidence for the reason that no proof was adduced to

show. the measure of damages. The evidence shows the weight of the cattle at the time of shipment from Nebraska, and testimony was introduced to prove the difference between the weight on foot and dressed weight. From all of this the defendant computes the number of pounds which his cattle would have weighed dressed, and asks the jury to allow him 12 cents a pound therefor. The only evidence in the record which tends to show the value of dressed beef in London was the testimony of the defendant and some of his witnesses to the effect that Mr. Poels, plaintiff's manager and member of the firm, told them on the day of the sale that the best dressed beef was worth 12 cents a pound, and, further, that the offal was worth $15 a head. This evidence is not very satisfactory. There is no claim of fraud. The parties were not negotiating for the sale and purchase of the cattle. Their relationship was that of principal and agent. Each was interested in securing the highest price. The statements of plaintiff's manager were admitted in evidence for the purpose of proving market prices. The competency of such evidence is very doubtful, but unnecessary for us to determine, as the verdict must be set aside for the failure of other necessary proof. Nowhere does it appear what would have been the cost of slaughtering and dressing the cattle. There is considerable evidence tending to show the relative value of the isolated crippled steer and the other cattle, and to the effect generally that the isolated steer was worth $25 less than the others. Plaintiff accounted to defendant for the crippled steer in the sum of $89.16. Defendant's evidence shows that this particular steer was inferior to at least 140 head of the cattle sold on foot. In the account returned by plaintiff to defendant, no charge was made for slaughtering and marketing this steer, and defendant contends that the sum received for this one animal was a sufficient guide for the jury in measuring the damages. Such a conclusion, however, can be drawn only by an unreasonable inference. While it appears from the account rendered to the defendant that $89.16 was the net

proceeds of the crippled steer, yet, when we consider that that was only a small part of a very large transaction between the parties wherein numerous items of expense were charged, we cannot conclude that all of the 223 head of cattle could have been disposed of and a return made to the defendant herein at that rate. There may have been gratuitous services rendered, or expenses paid by plaintiff without specific charge therefor. We conclude that there was not sufficient proof as to the measure of damages, and that the verdict should not be sustained.

We therefore recommend that the judgment of the district court be reversed and the cause remanded for a new trial.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED.